UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESMAIL GUTIERREZ-MANRRIQUE, | Case No. 2:26-cv-00878-TMC |
| Petitioner, | ORDER DENYING HABEAS PETITION |
| v. | |
| ICE OFFICE FIELD DIRECTOR, | |
| Respondent. | |

## I.    ORDER

Petitioner Jesmail Gutierrez-Manrrique is an individual who was detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. He petitions the Court under 28 U.S.C. § 2241 for relief from physical custody, arguing that his detention has become indefinite in violation of the Immigration and Nationality Act ("INA") and that he is entitled to release or a bond hearing. Dkt. 3 at 2–6.

In response to the petition, the government provided evidence that (1) Petitioner is a Venezuelan national detained pursuant to a final order of removal issued January 5, 2026; (2) on or about February 12, 2026, Petitioner relayed to U.S. Immigration and Customs Enforcement ("ICE") that he was "ready to leave for Venezuela"; and (3) that Petitioner was scheduled to be removed to Venezuela on April 7, 2026. Dkt. 9 ¶¶ 3–10.

ORDER DENYING HABEAS PETITION - 1

It is unclear whether Petitioner has been deported as of the date of this order. Petitioner did not reply or otherwise contest the above facts. The Court's scheduling order was mailed to Petitioner and returned as undeliverable on April 1, 2026—indicating that he may have already been moved out of NWIPC by that date. Dkt. 7. But if Petitioner has not already been deported, it is likely that he will be deported in the reasonably foreseeable future and that his detention does not violate the INA as construed in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that the "presumptively reasonable" period for detention following a removal order is six months).

The Court therefore DENIES the petition for writ of habeas corpus. Dkt. 3.

Dated this 21st day of April, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING HABEAS PETITION - 2